**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| JENNY BINFORD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   CIVIL ACTION NO. _3-15-cv- 805- DJH_ |
| **MIDLAND FUNDING, LLC and** | ) |
| **MIDLAND FUNDING NCC-2 CORP.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendants Midland Funding, LLC

("Midland Funding") and Midland Funding NCC-2 Corp.. ("Midland Funding NCC-2")

(collectively, "Defendants"), appearing specially so as to preserve any and all defenses available

under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal

laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to

contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, give notice of the

removal of this action from the Jefferson Circuit Court, Jefferson County, Kentucky, to the

United States District Court for the Western District of Kentucky, Louisville Division.   As

grounds in support of this removal, Defendants state as follows:

### I. INTRODUCTION

1.      Plaintiff Jenny Binford ("Plaintiff") commenced this action by filing a complaint

against Defendants in the Jefferson Circuit Court, Jefferson County, Kentucky, Case No. 15-CI-

05069.

2.      Plaintiff's complaint asserts claims against Defendants relating to alleged improper collection of a debt.  [*See generally* Compl.]

3.      Based on these allegations, Plaintiff attempts to assert federal claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA").  [*Id.*]

4.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting claims against Defendants based upon alleged violations of the FDCPA, which is a federal consumer protection statute.  [*See* Compl.; *see also* 15 U.S.C. §§ 1692 *et seq.*]  Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.  SUPPLEMENTAL JURISDICTION EXISTS OVER THIS ACTION

7.      This Court can exercise supplemental jurisdiction over the state law claim Plaintiff asserts against Defendants because the state law claim forms part of the same case or controversy as Plaintiff's FDCPA claims.   The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

8.      In the instant case, Plaintiff's state law claim is related to the same activity that forms the basis for Plaintiff's FDCPA claims.  Each claim relates to Defendants' alleged actions in collecting on a debt.  [*See* Compl.]  Thus, Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).  *See also* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . .").

9.      Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim in this action to avoid an unnecessary duplication of judicial resources.  *See Landefeld v. Marion General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (holding that, in deciding whether to exercise supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation").  In the instant case, Plaintiff's state law claim arises from the same transaction or occurrence but does not raise novel

or complex issues of state law or predominate over Plaintiff's FDCPA claims.  *See Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002) (citing 28 U.S.C. § 1367(c)).  Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. <u>ADOPTION AND RESERVATION OF DEFENSES</u>

10.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. <u>PROCEDURAL REQUIREMENTS</u>

11.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12.    True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Defendants to date in this case.

13.    This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Defendants were served with process on October 8, 2015.

14.    Defendants have heretofore sought no similar relief.

15.    The United States District Court for the Western District of Kentucky, Louisville Division, is the court and division embracing the place where this action is pending in state court.

16.     Contemporaneously with the filing of this notice of removal, Defendants have filed a copy of same with the clerk of the Jefferson Circuit Court, Jefferson County, Kentucky and a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

17.     Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Defendants pray that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Jefferson Circuit Court, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this 28th day of October, 2015.

/s/ Reid S. Manley
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendants
MIDLAND FUNDING, LLC AND MIDLAND FUNDING NCC-2 CORP.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 28th day of October, 2015:

James H. Lawson
*Lawson at Law, PLLC*
115 Sherrin Avenue, Unit #4
Louisville, KY 40207
Phone: (502) 473-6525
james@kyclc.com

*/s/ Reid S. Manley*
OF COUNSEL