15CI 5069

U.S. DIST. COURT
EASTERN DIST ARK

'05 OCT 14 PM 3 04

CLERK 16

BY _____ nm _____ D.C.

**ENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Midland Funding NCC-2 Corp.
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

Binford v. Midland et al.
15-CI-05069

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Adam Davis                       10/9

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

OCT 9 2015

3. Service Type
☒ Certified Mail    ☐ Priority Mail Express™
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 2630 0000 3458 1720

PS Form 3811, July 2013          Domestic Return Receipt

**EXHIBIT**

A

15CI5069

2015 OCT 12   PM 1 47

CLERK 18

BY _____ D.C.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. (3) SC

1. Article Addressed to:

Midland Funding, LLC
c/o CSC-Lawyers Inc. Service Co.
421 W. Main St.
Frankfort, KY 40601

Binford v. Midland et al.
15 - CI - 05069

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
CSIH

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

OCT 8 2015
FRANKFORT, KY 40601

3. Service Type
☒ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☒ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7013 2630 0000 3458 1713

PS Form 3811, July 2013        Domestic Return Receipt

NO.   15 C I 05069

JEFFERSON CIRCUIT COURT
Div. ____

Jenny Binford

PLAINTIFF

v.   **COMPLAINT AND DEMAND FOR JURY TRIAL**

Midland Funding, LLC
Serve:
    CSC-Lawyer's Incorporating
    Service Company
    421 W. Main
    Frankfort, KY 40601

DEFENDANTS

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK

OCT 05 2015

BY _____ DEPUTY CLERK

Midland Funding NCC-2 Corp.
Serve:
    Corporation Service Company   SoS
    300 Spring Building, Suite 900
    300 S. Spring Street
    Little Rock, AR 72201

JURY FEE PAID

\*    \*    \*    \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.      Defendants Midland Funding, LLC ("Midland") and Midland Funding NCC-2 Corp. ("Midland NCC-2") violated the FDCPA by attempting to collect a non-existent judgment from Plaintiff Jenny Binford, and by misidentifying both the original and current creditor of a debt.

3.      These and other acts by Defendants violate the FDCPA.

### PARTIES

4.      Plaintiff Jenny Binford is a natural person who resides in Jefferson County, Ky. Ms. Binford is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §

1692a(3).

5.     Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

6.     Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

7.     Defendant Midland Funding NCC-2 Corp. ("Midland NCC-2") is a Delaware corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland NCC-2's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

8.     Midland NCC-2 is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).


I.     **Relevant Facts**

9.     On or about July 22, 2015, a representative or employee of the law firm of Fenton and McGarvey Law Firm, PLLC ("Fenton") called Ms. Binford at her place of employment.

10.    The Fenton employee identified himself as Mr. Brown.

11.    Mr. Brown claimed that he was collecting a debt from Ms. Binford in connection with a judgment entered against Ms. Binford in 2009.

12.    Mr. Brown identified Midland Funding, LLC as the current owner of the

-2-

debt/judgment.

13.    Mr. Brown identified the original creditor on the debt as Evans Furniture.

14.    Upon information and belief, Mr. Brown called Ms. Binford on behalf of Midland Funding, LLC to collect the Evans Furniture debt from her.

15.    Mr. Brown's dunning call to Ms. Binford was Fenton and thus, Midland Funding, LLC's "initial communication" with Ms. Binford within the meaning of 15 U.S.C. § 1692g in connection with collection of the Evans Furniture debt.

16.    Upon information and belief, the Evans Furniture debt was incurred for personal, family, or household purposes, which makes the Evans Furniture debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

17.    Mr. Brown threatened Ms. Binford with garnishment of her wages and bank accounts.

18.    Mr. Brown's telephone call alarmed and upset Ms. Binford.

19.    Ms. Binford is in the process of trying to buy a home. Mr. Brown's phone call and threats falsely scared Ms. Binford into believing that there a judgment and lien against her that would prevent her from purchasing a home.

20.    After the telephone call, Ms. Binford was distraught and called her sister for solace and guidance.

21.    Ms. Binford's sister recommended that Ms. Binford contacted undersigned counsel.

22.    After speaking with Ms. Binford, undersigned counsel sent a debt-validation-and-verification letter to Fenton.

23.    Counsel's letter was dated July 23, 2015.

24.     Fenton never responded to counsel's letter.

25.     On July 26, 2015, Ms. Binford received a letter from Fenton dated July 23, 2015 that had no identifiable relationship to Mr. Brown's dunning phone call the day before.

26.     In particular, Fenton's July 23rd letter identifies **(i)** Midland Funding NCC-2 Corp. as the current creditor; **(ii)** Washington Mutual Finance as the original creditor; **(iii)** Jenny Walcott as the debtor/consumer; and **(iv)** the $3,646.01 as the current amount due on the debt.

27.     The letter further states in pertinent part: "Enclosed please find documents supporting the above referenced claim."

28.     The only document included in the letter was a copy of a judgment entered on October 16, 1998 in the case of *Public Finance Corporation v. Jenny Walcott*, 98-C-009785.

29.     The judgment was entered in favor of Public Finance Corporation.

30.     Public Finance Corporation is obviously a different entity than either Washington Mutual Finance or Midland Funding NCC-2 Corp.

31.     So the Fenton letter dated July 23, 2015, did not provide the information required by 15 U.S.C. § 1692g in connection with Mr. Brown's dunning phone call to Ms. Binford on July 22, 2015 in attempt to collect a debt from her originated by Evans Furniture.

32.     Also, the Fenton letter dated July 23, 2015, misrepresented the original creditor and amount of the debt/judgment allegedly currently owned by Midland Funding NCC-2 Corp.

33.     That is, the July 23rd Fenton letter identified the original creditor as Washington Mutual Finance in connection with a judgment entered in favor of Public Finance Corporation.

34.     Finally, the Fenton letter dated July 23, 2015 was Midland Funding NCC-2 Corp.'s "initial communication" with Ms. Binford in connection with alleged Washington Mutual Finance debt/Public Finance Corp. judgment within the meaning of 15 U.S.C. § 1692g.

-4-

35.    The July 23, 2015 letter does not include the following information that is expressly required by law to be included in in the letter under 15 U.S.C. § 1692g(a)(3-5), which provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—…a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36.    Neither Midland nor Fenton acting on Midland's behalf ever sent Ms. Binford any of the information required by 15 U.S.C. § 1692g(a) after Midland's initial communication with Ms. Binford in connection with the Evans Furniture debt as identified by Mr. Brown in his dunning and threatening telephone call to her.

37.    Interestingly, Midland NCC-2 filed suit against Ms. Binford on March 4, 2009 to collect a debt from her.

38.    Midland NCC-2's complaint identifies Washington Mutual Finance as the original creditor of the debt.

39.    On June 2, 2009, Midland NCC-2 filed a motion for default judgment against Ms. Binford.

40.    In support of its motion for default, Midland NCC-2 included a retail installment

contract as proof of the debt.

41.     The retail installment contract was dated 8/12/1997.

42.     On June 11, 2009, the Jefferson District Court DENIED Midland NCC-2's motion for summary judgment, noting "appears to be [an] Evans Furniture bill. Please provide last bill to defendant totaling $1,440.53." $1,440.53 was the principal amount demanded in Midland NCC-2's motion for default judgment.

43.     On August 3, 2009, Midland NCC-2 voluntarily dismissed its complaint against Ms. Binford.

44.     Midland NCC-2 violated the FDCPA by supplying the 1998 Public Finance Corporation judgment as proof of the Washington Mutual Finance debt upon which Midland NCC-2 brought suit against Ms. Binford in 2009 and by failing to provide the information required by 15 U.S.C. § 1692g within five days of its initial communication with Ms. Binford.

45.     Midland and/or Midland NCC-2 violated the FDCPA by falsely threatening to garnish Ms. Binford's pay and bank accounts in connection with a non-existent judgment, failing to provide any of the information required by 15 U.S.C. § 1692g after its initial communication with Ms. Binford, and by using a non-existent judgment to coerce Ms. Binford to pay on a debt clearly barred by the applicable statute of limitations.

### Claims for Relief:

### I.     Violations of the Fair Debt Collection Practices Act

46.     The foregoing acts and omissions by Midland Funding, LLC and Midland NCC-2 Corp. constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 15 U.S.C. § 1692g.

## II.     Outrage

47.     Midland and Midland NCC-2's actions toward Ms. Binford were outrageous and intentional. Midland and/or Midland NCC-2 telephoned Ms. Binford at her place of employment and falsely claimed that it had a judgment against her. As supposed proof of this alleged debt, Midland NCC-2 produced a seventeen-year-old judgment that had nothing to do with either Midland or Midland NCC-2. More importantly, the Public Finance Corp. judgment had no relationship to the Evans Furniture debt and 2009 judgment that Mr. Brown claimed that Ms. Binford owed to either Midland or Midland NCC-2. The production of the Public Finance Corp. judgment was false and deceitful presented for the sole purpose of coercing payment from Ms. Binford.

48.     As a result of Midland and/or Midland NCC-2's outrageous and intentional conduct, Ms. Binford suffered real and severe emotional distress and panic.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jenny Binford requests that the Court grant her the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.     Award Plaintiff punitive damages;

4.     Award Plaintiff reasonable attorney's fees and costs;

5.     A trial by jury; and

6.     Such other relief as may be just and proper.

Respectfully submitted,

_____

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Unit #4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com